1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9  CHARLES HOLT,                          CASE NO. 1:10-cv-02385-SKO PC

10              Plaintiff,                  FIRST SCREENING ORDER DISMISSING
                                            COMPLAINT, WITH LEAVE TO AMEND
11       v.
                                            (Doc. 1)
12  A. ENENMOH, et al.,
                                            THIRTY-DAY DEADLINE
13              Defendants.
    _____/

14

15                          **First Screening Order**

16  **I.    Screening Requirement and Standard**

17          Plaintiff Charles Holt, a state prisoner proceeding pro se, filed this civil rights action pursuant

18  to 42 U.S.C. § 1983 on December 23, 2010.  The Court is required to screen complaints brought by

19  prisoners seeking relief against a governmental entity and/or against an officer or employee of a

20  governmental entity. 28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject

21  to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted,

22  or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23  § 1915A(b)(1), (2).

24          A complaint must contain "a short and plain statement of the claim showing that the pleader

25  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

26  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

27  do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell

28  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

1

allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  <u>Iqbal</u>, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss</u>, 572 F.3d at 969.

**II.     Plaintiff's Eighth Amendment Medical Care Claim**

        **A.     Summary of Allegations**

Plaintiff, an inmate incarcerated at the California Substance Abuse Treatment Facility and State Prison (CSATF) in Corcoran, alleges that in September 1996, Hepatitis C was detectable in his blood.  Plaintiff's viral load was out of range in February 1997, but he was negative in May 1997, at which time he was in a hepatitis C evaluation and treatment program.  (Comp., p. 34.)  However, a determination was made that Plaintiff was not a candidate for interferon treatment.  (<u>Id.</u>)

Plaintiff was again positive in January 1998, and in 2002, 2003, and 2004, Plaintiff's viral load count was out of normal range.  Plaintiff was thereafter on interferon treatment but it was discontinued in November 2004 because he did not respond to the medication.

Plaintiff arrived at CSATF on May 11, 2006, and on December 3, 2009, blood work was run and the results were normal.  (<u>Id.</u>, pp. 4, 13.)  Plaintiff alleges that he has not been provided with any medical treatment for his condition since his arrival at CSATF.  Plaintiff alleges that he has been suffering from fatigue, weight fluctuation, and loss of appetite, and that he suffers from a life-threatening disease which requires aggressive preventative treatment to slow its progression.

///

Plaintiff names Chief Medical Officer A. Enenmoh, Physician Assistant J. Pierre, and Doctor O. Beregovskaya as defendants, and he seeks damages for the alleged violation of his rights under the Eighth Amendment of the United States Constitution.

### B.   Legal Standard

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law.  E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  For *each* defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  There is no *respondeat superior* liability under section 1983, and each defendant may only be held liable for misconduct that can be directly attributed to him or her.  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted).  The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care, Jett, 439 at F.3d 1096 (citation and quotations omitted), but it is a high legal standard, Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (quotation marks omitted).  Prison officials must not only be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, but they must also draw the inference. Toguchi, 391 F.3d at 1057 (citation and quotation marks omitted).  If a prison official should have been aware of the risk, but was not,

1  then the official has not violated the Eighth Amendment, no matter how severe the risk.  Id. (citation
2  and quotation marks omitted).

3  **C.   Discussion**

4  Plaintiff's complaint fails to state a claim for relief under section 1983.  First, it is not clear
5  that Plaintiff is presently suffering from a serious medical need which requires proactive treatment.
6  Plaintiff was diagnosed with Hepatitis C approximately fifteen years ago, and while Hepatitis C is
7  generally a chronic disease and it can be in need of proactive treatment, the Court declines to assume
8  that is always, or is necessarily, the case.  Notably, the last test referenced by Plaintiff in his
9  complaint indicated a normal viral load count.

10  Much is left either unsaid or unclear in the complaint and the fact that Plaintiff has Hepatitis
11  C, alone, is not sufficient to support a claim that he is suffering from a serious medical condition that
12  requires treatment.  Periodic monitoring can certainly be all that is required for a chronic condition,
13  depending on the circumstances.

14  Further, although Plaintiff alleges fatigue, weight fluctuation, and loss of appetite, it is
15  unclear (1) if those symptoms are related to Hepatitis C or not, and/or (2) what, if any, answers
16  Plaintiff sought and received regarding those health issues.  While Plaintiff may be able to
17  demonstrate a serious medical need in relation to Hepatitis C, at this juncture, his vague allegations
18  do not support a reasonable inference that he has a serious medical need which is being ignored.
19  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

20  Second, assuming that Plaintiff is or was in need of medical care beyond periodic monitoring,
21  his complaint is devoid of any facts linking Defendants Enenmoh, Pierre, and Beregovskaya to
22  actions or omissions  which violated Plaintiff's rights.  There must be some causal connection
23  established between the named defendants and deliberately indifferent conduct, and here there is
24  none.  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Starr, 652 F.3d at 1205-06; Corales, 567 F.3d at
25  570.

26  **III.   Conclusion and Order**

27  Plaintiff's complaint fails to state a claim upon which relief may be granted under section
28  1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint.  Lopez,

1   203 F.3d at 1130; <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change

2   the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>,

3   507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

4         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

5   each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556

6   U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

7   [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555

8   (citations omitted).

9         Finally, an amended complaint supercedes the prior complaint, <u>Forsyth</u>, 114 F.3d at 1474;

10   <u>King</u>, 814 F.2d at 567, and it must be "complete in itself without reference to the prior or superceded

11   pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which

12   are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v.</u>

13   <u>Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

14         Based on the foregoing, it is HEREBY ORDERED that:

15         1.     The Clerk's Office shall send Plaintiff a complaint form;

16         2.     Plaintiff's complaint is dismissed, with leave to amend;

17         3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

18                 amended complaint; and

19         4.     If Plaintiff fails to file an amended complaint in compliance with this order, this

20                 action will be dismissed, with prejudice, for failure to state a claim.

21

22   IT IS SO ORDERED.

23   **Dated:**    **January 3, 2012**                   **/s/ Sheila K. Oberto**

24                                              UNITED STATES MAGISTRATE JUDGE

25

26

27

28