# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLT, | CASE NO. 1:10-cv-02385-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DENYING AMENDED IN FORMA PAUPERIS MOTION AS MOOT |
| v. | |
| A. ENENMOH, et al., | |
| Defendants. | (Docs. 9 and 10) |
| | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

### Second Screening Order

**I.     Screening Requirement and Standard**

Plaintiff Charles Holt, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 23, 2010. On January 4, 2012, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983. On February 3, 2012, Plaintiff filed an amended complaint. Plaintiff alleges that prison officials at California Substance Abuse Treatment Facility and State Prison (CSATF) are violating his rights under the Eighth Amendment of the United States Constitution related to care for Hepatitis C. Plaintiff names Chief Medical Officer A. Enenmoh and Health Care Services Chief J. Walker as defendants.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4        A complaint must contain "a short and plain statement of the claim showing that the pleader
5  is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
7  do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic
8  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
9  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
10 (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal
11 conclusions are not.  Iqbal, 556 U.S. at 678.

12       Under section 1983, Plaintiff must demonstrate that each defendant personally participated
13 in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires
14 the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S.
15 at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of
16 misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d
17 at 969.

18 **II.**    **Eighth Amendment Medical Care Claim**

19     **A.**    **Allegations**

20       On September 20, 1996, the Hepatitis C virus was detected in Plaintiff's blood, and in May
21 1997, Plaintiff's lab work was negative for the virus antibody.  (Amend. Comp., court record p. 5.)
22       On May 5, 1997, Plaintiff was placed in the Hepatitis C evaluation and treatment program
23 while at Pelican Bay State Prison.  (Id., Amend. Comp., court record p. 4 & Ex. C, court record p.
24 34.)  Plaintiff was told that his case had been reviewed by a panel of physicians and in consultation
25 with a gastroenterologist.  (Id.)  Plaintiff was informed that not all cases of Hepatitis C respond to
26 anti-viral treatment, the overall long-term response rate to Alpha-Interferon is 15-20%, and in many
27 cases, there is either a contraindication or a very poor chance of a significant response.  (Id.)
28 Plaintiff was informed that hopefully, there would be a more satisfactory treatment for chronic viral

1 liver disease in the near future, but none was imminent. (Id.) The memo concluded that Plaintiff
2 did not meet the criteria for Alpha-Interferon treatment. (Id.)

3       In January 1998, Plaintiff was positive for the virus antibody. (Id., p. 5.) In October 2002,
4 lab worked showed that Plaintiff's viral load was extremely high, as did results from 2003 and 2004.
5 (Id.) At some point, Plaintiff was placed on interferon treatment and he alleges that it was
6 discontinued in November 2004 because he did not respond to it. (Id.)

7       Plaintiff arrived at CSATF on May 11, 2006. (Id., p. 4.) Plaintiff had lab work done in
8 December 2009 and he was informed that the results were essentially within normal limits or were
9 unchanged and no physician follow-up was required. (Id.) Plaintiff was also seen in January 2010
10 to discuss his test results and medical condition. (Id., p. 5.)

11     **B.**    **Legal Standard**

12       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
13 conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452
14 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise
15 to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner
16 of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with
17 deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)
18 (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official
19 does not act in a deliberately indifferent manner unless the official "knows of and disregards an
20 excessive risk to inmate health or safety. . . ." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970
21 (1994).

22       Deliberate indifference may be manifested "when prison officials deny, delay or intentionally
23 interfere with medical treatment," or in the manner "in which prison physicians provide medical
24 care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, WMX
25 Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging
26 a delay in receiving medical treatment, the delay must have led to further harm in order for the
27 prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39
28 ///

F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1060; Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

### C.  Discussion

Plaintiff's allegations do not support a claim that Defendants Enenmoh and Walker, or any other prison official, acted with deliberate indifference toward his medical condition. Although Plaintiff alleges generally that his suffers from fatigue, weight fluctuation, and loss of appetite; that he has not been treated with any medication other than the interferon years before; and that he has had no treatment since arriving at CSATF, Plaintiff's amended complaint sets forth no facts supporting a claim that officials are denying Plaintiff medically indicated treatment for Hepatitis C and that he is suffering further injury as a result. To the contrary, Plaintiff suffers from a chronic condition for which the treatment options are limited. Plaintiff did not respond to interferon treatment and it was discontinued, and there is no allegation that there exists any more satisfactory treatment.[1]

Further, although Plaintiff alludes to treatment decisions based on budget, his amended complaint sets forth no factual allegations suggesting that he is being denied medically appropriate treatment for Hepatitis C due to cost concerns. Plaintiff also alleges that patients with moderate to severe fibrosis should be treated as soon as possible with pegylated interferon plus ribavirin therapy. However, Plaintiff's allegations indicate that he is not a candidate for interferon, and there are no allegations suggesting that Plaintiff has been diagnosed with moderate to severe fibrosis but improperly denied appropriate care.

---

[1] Although the memo was issued in 1997, Plaintiff's amended complaint is devoid of any suggestion that circumstances have changed and there now exists a new or different treatment option for Hepatitis C.

4

In sum, Plaintiff's amended complaint sets forth no facts supporting a claim that prison officials are withholding necessary, medically-appropriate treatment from Plaintiff or somehow otherwise failing to adequately evaluate or monitor Plaintiff's chronic medical condition, in knowing disregard of a substantial risk of harm to his health. Plaintiff was previously given leave to amend these deficiencies but was unable to do so, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### III. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983;

2. Plaintiff's amended motion for leave to proceed in forma pauperis, filed on February 29, 2012, is denied as moot, without prejudice to renewal if necessary; and

3. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   October 16, 2012**                    /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE